**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

Scott MacLeod a/k/a

Samantha Elizabeth Scott,

Plaintiff,

v.                                                              Civil Action No. _____

Cinemark USA, Inc.;

Manager Keith Deprey as individual,

Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff Scott MacLeod a/k/k Samantha Elizabeth Scott, by and through her attorney Rosa Lee Klaneski, Esq., brings this action against Defendants Cinemark USA, Inc. and the cinema manager Keith Deprey as an individual.

**PARTIES**

1.      Plaintiff Scott MacLeod a/k/a Samantha Elizabeth Scott ("Plaintiff") is an individual residing at 180 Essex Street, Holyoke, Massachusetts 01040.

2.      Upon information and belief, Defendant Cinemark USA, Inc. ("Cinemark") is a corporation organized under the laws of the State of Texas, with its principal place of business at 3131 Mckinney Avenue, Suite 500, Dallas, Texas 75204.

3.      Upon information and belief, Defendant Cinema manager Keith Deprey as individual ("Deprey") is an individual whose address is currently unknown.

1

4.      Cinemark and Deprey, collectively, are hereinafter referred to as "Defendants".

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts her claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367, as these claims arise from the same nucleus of operative facts as the federal ADA claims.

6.      This Court has personal jurisdiction over Defendants because Defendants operate a place of public accommodation, specifically Cinemark West Springfield 15, located at 864 Riverdale Street, West Springfield, Massachusetts, and the events giving rise to this action occurred at that location.

7.      Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Hampden County, Massachusetts, where the Cinemark West Springfield 15 theater is located and where Plaintiff alleges she was subjected to discrimination and harassment.

## STATEMENT OF FACTS

8.      On or about July 29, 2025, Plaintiff attended a showing of a Superman movie at Cinemark West Springfield 15 Cinemas, located at 864 Riverdale Street, West Springfield, Massachusetts, accompanied by her daughter, two sons, daughter-in-law, grandson, and his friend.

2

9.      Plaintiff has been a customer of Cinemark West Springfield 15 Cinemas for over 40 years.

10.     Upon entering the theater, Plaintiff and her family interacted with a male ticket attendant who has worked at the theater for decades and is known for attempting to entertain patrons, who has been identified as the natural person Defendant Deprey.

11.      As the Plaintiff approached with part of her group to hand the tickets to the Defendant Deprey, he took the tickets, told the group what theater they were in, and at the same said loudly, in front of other theater employees, said strongly and cleary "Thanks, MEN," emphasizing the word "MEN."

12.     Plaintiff then responded, "Men and Lady; you got my pronoun wrong."

13.     The ticket attendant replied, "I thought I gave you a compliment."

14.     Plaintiff's son informed her that the ticket attendant then declared deliberately to other moviegoers in line publicly as to brag about his offensive speech saying, "I called them men" in an ratification effort.

15.     Plaintiff alleges that the attendant was aggressive and intentionally misgendered her to incite anger and embarrass her and her family.

16.     After the movie concluded, Plaintiff and her family encountered Defendant Deprey near the exit at which time he acted in a menacing manner and through his physicality, countenance, and body language attempted to intimidate the Plaintiff or incite an argument.

3

17.    As if looking forward to another hostile interaction, Defendant Deprey said to Plaintiff, "Now you get to say goodbye to me."

18.    Plaintiff responded affirmatively, "Don't use wrong pronouns on purpose, it is mean spirited," in an attempt for the Defendant Deprey to acknowledge her feelings and give him an opportunity to apologize for the harm.

19.    Instead of apologizing, Defendant Deprey replied, "I do not know what you mean about pronouns SIR," with massive emphasis on the word "SIR," in an attempt to proclaim a male identity while addressing his statement to the public movie crowd which he stated in a threatening and menacing tone designed to intimidate the Plaintiff and attempt to invalidate her use of comporting pronouns.

20.    This exchange occurred in a crowded, public area with multiple witnesses, including Plaintiff's family members.

21.    Plaintiff reports experiencing embarrassment, shame, anger, anxiety, fear, humiliation, nervousness, and frustration as a result of the natural person Defendant's conduct.

22.    Plaintiff alleges that the employee misgendered her several times in an aggravated, purposeful, and derogatory manner.

23.    Plaintiff states that her entire family group was extremely upset by the ordeal and that it ruined what should have been a fun night out.

24.    Plaintiff presented herself with long hair, painted nails, bracelets, necklaces, earrings, a colorful blouse, women's jeans, high heels, and stockings.

4

25.    Plaintiff used a female name and pronouns and asserts she clearly indicated a female gender identity through her name, pronouns, and presentation.

26.    Plaintiff identifies as transgender and as such is in the process of changing her identity documents, public persona, and is receiving hormone treatments in order that her physical biology represent her chosen hormonal range with which to experience life's emotional range in keeping with maintaining healthy internal processes.

27.    Plaintiff has always had a strong identification as a female-gendered individual since she was a young child and while she cannot change the facts surrounding the external morphology of her gendered parts at birth, and with the advances in modern medicine she can live in a female hormone range in order to address the disabling gender dysphoria.

28.    Plaintiff uses hormones to modify her body and mood, which address a disabling condition involving incorrect internal stimuli due to incorrect hormone levels attributed to a health disorder of physical derivation based on the incorrect gonads producing the incorrect hormones which impacts both the body and mind.

29.    Plaintiff asserts that her gender identity and related medical condition substantially limit major life activities, as she is now a self-identified member of a marginalized minority group lacking due power and influence unable to simply find respectable public spaces to recreate absent harassment and other indicia of invidious discrimination.

5

30. Plaintiff did not file a complaint with Cinemark prior to submitting her complaint to the Massachusetts Commission Against Discrimination in September of 2025.

31. Defendant Cinemark operates movie theaters open to the public, including Cinemark West Springfield 15, and maintains policies prohibiting discrimination and harassment based on sex, gender identity, and gender expression.

32. Defendant Cinemark trains its employees to treat all customers with professionalism and respect.

33. Defendant Cinemark identified the employee involved in the incident as Assistant Manager Keith Deprey, who has worked at Cinemark since 2010.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT (ADA) (CINEMARK USA, INC.)

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

35. Plaintiff is a qualified individual with a disability under the ADA, as her gender dysphoria and related medical condition substantially limit major life activities and are not excluded from ADA coverage. Plaintiff uses hormones to address her condition and experiences distress due to incongruence between her gender identity and assigned sex at birth.

36.    Defendant owns, leases, or operates a place of public accommodation, specifically a movie theater, as defined by 42 U.S.C. § 12181(7)(C).

37.    Defendant discriminated against Plaintiff on the basis of her disability by subjecting her to intentional misgendering and harassment by its employee, thereby denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the theater.

38.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm, including emotional distress and the risk of future discrimination, and is entitled to injunctive relief under 42 U.S.C. § 12188(a)(2).

## COUNT II – VIOLATION OF MASS. GEN. LAWS CH. 272, § 98 (CINEMARK USA, INC.)

39.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

40.    Plaintiff is a member of a protected class on the basis of gender identity and expression.

41.    Defendant operates a place of public accommodation within the meaning of Mass. Gen. Laws ch. 272, § 98.

42.    Defendant, through its employee, intentionally discriminated against Plaintiff in the treatment she received at the theater by subjecting her to repeated, public, and derogatory misgendering and harassment because of her gender identity and expression.

7

43.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including emotional distress, and is entitled to all remedies available under Mass. Gen. Laws ch. 272, § 98.

## COUNT III – VIOLATION OF MASS. GEN. LAWS CH. 12, § 11I (CINEMARK USA, INC.)

44.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

45.     Plaintiff has rights secured by the constitution and laws of the Commonwealth of Massachusetts, including the right to be free from discrimination in places of public accommodation on the basis of gender identity and expression.

46.     Defendant, acting through its employee, interfered with Plaintiff's exercise and enjoyment of those rights by intentionally and publicly misgendering and harassing Plaintiff because of her gender identity and expression which rises to the level of threats or intimidation because of the natural person defendant's aggressive posture.

47.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and is entitled to all remedies available under Mass. Gen. Laws ch. 12, § 11I.

## COUNT IV – VIOLATION OF MASS. GEN. LAWS CH. 151B, § 4(4A) (CINEMARK USA, INC.)

48.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

8

49.     Defendant is a place of public accommodation subject to Mass. Gen. Laws ch. 151B, § 4(4A).

50.     Defendant, through its employee, denied Plaintiff the full and equal enjoyment of its services by subjecting her to intentional misgendering and harassment based on her gender identity and expression.

51.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and is entitled to all remedies available under Mass. Gen. Laws ch. 151B, § 4(4A).

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANT DEPREY.)

52.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

53.     Defendant Deprey engaged in extreme and outrageous conduct by intentionally and repeatedly misgendering and harassing Plaintiff in a public setting, knowing or recklessly disregarding the likelihood that such conduct would cause severe emotional distress.

54.     Defendant's conduct was intentional or in reckless disregard of the probability of causing Plaintiff severe emotional distress given the totality of the circumstances.

55.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including embarrassment, shame, anger, anxiety, fear, humiliation, nervousness, and frustration.

**COUNT VI – RESPONDEAT SUPERIOR – VICARIOUS LIABILITY FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (CINEMARK USA, INC.)**

56. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

57. At all relevant times, Defendant's employee was acting within the scope of his employment and in furtherance of Defendant's business when he engaged in the conduct described above.

58. Defendant is vicariously liable for the intentional infliction of emotional distress caused by its employee's conduct.

59. As a direct and proximate result of Defendant's employee's conduct, Plaintiff suffered severe emotional distress.

**COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (CINEMARK USA, INC.)**

60. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

61. Defendant owed Plaintiff a duty to provide services in a non-discriminatory and respectful manner as a public accommodation.

62. Defendant breached that duty by failing to prevent or correct the discriminatory and harassing conduct of its employee, Defendant Deprey, resulting in Plaintiff's emotional distress.

63.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Scott MacLeod a/k/a Samantha Elizabeth Scott respectfully requests that this Court enter judgment in her favor and against Defendant Cinemark USA, Inc. on all counts, and grant the following relief:

1.     Declare that Cinemark USA, Inc. violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., by discriminating against Plaintiff on the basis of disability, and order Cinemark USA, Inc. to modify its policies, practices, and procedures to ensure full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations by individuals with disabilities, including those with gender dysphoria, as required by law.

2.     Enjoin Cinemark USA, Inc. from engaging in further acts of discrimination against individuals with gender dysphoria or transgender patrons, and require Cinemark USA, Inc. to provide comprehensive cultural competency and anti-harassment training to all employees at its Massachusetts locations, including but not limited to training on the respectful treatment of transgender and gender non-conforming individuals.

3.     Declare that Cinemark USA, Inc. violated Mass. Gen. Laws ch. 272, § 98, Mass. Gen. Laws ch. 12, § 11I, and Mass. Gen. Laws ch. 151B, § 4(4A), by discriminating against Plaintiff in a place of public accommodation on the basis of gender identity and expression;

11

4.      Declare that Defendant Deprey engaged in conduct violative of principles of fairness.

5.      Award Plaintiff Samantha Elizabeth Scott compensatory damages against Cinemark USA, Inc., including damages for emotional distress, embarrassment, humiliation, and other non-economic harm, in an amount to be determined at trial.

6.      Award Plaintiff Samantha Elizabeth Scott reasonable attorneys' fees and costs, including expert witness fees, pursuant to Mass. Gen. Laws ch. 12, § 11I and other applicable law.

7.      Award Plaintiff Samantha Elizabeth Scott pre-judgment and post-judgment interest as permitted by law.

8.      Award such other and further relief as the Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a jury trial of all issues so triable.

> Respectfully submitted,
>
> Plaintiff Scott MacLeod a/k/a
>
> Samantha Elizabeth Scott
>
> By her attorney,
>
> _____/Rosa Lee Klaneski/___
>
> Rosa Lee Klaneski
> (BBO #: 715341)
> 1380 Main Street, Suite 410
> Springfield, MA 01103
> klaneski@outlook.com

12

phone: (413) 200-7399

April 23, 2026